1
2
3
4                              UNITED STATES DISTRICT COURT
5                                     DISTRICT OF NEVADA
6                                              * * *
7   TALITA MELLO CLARK,                              Case No. 2:14-CV-1273 JCM (VCF)
8                          Plaintiff(s),                              ORDER
9        v.
10  STATE FARM MUTUAL AUTOMOBILE
    INSURANCE COMPANY,
11
12                         Defendant(s).
13

    Presently before the court is plaintiff Talita Mello Clark's motion to remand. (Doc. # 10). Defendant State Farm Mutual Automobile Insurance Company ("State Farm") filed an opposition (doc. # 12) and plaintiff filed a reply (doc. # 16).

    This case involves insurance claims arising from an automobile collision. On or about May 21, 2013, plaintiff was involved in a motor vehicle accident where an adverse driver rear ended her. (*See* doc. # 10). On December 16, 2013, plaintiff agreed to settle her claim with the adverse driver's liability insurance carrier for the policy limit of $15,000 per person. (*See id.*).

    Prior to the date of the accident, plaintiff had purchased an automobile insurance policy from defendant State Farm, which included uninsured/underinsured motorist limits of $15,000 per person/$30,000 per accident. (*See id.*). On November 26, 2013, plaintiff made a policy limit demand to State Farm. (*See id.*). On or about December 11, 2013, State Farm denied plaintiff's demand in its entirety. (*See id.*).

    Plaintiff filed suit in the Eighth Judicial District Court, Clark County, Nevada on July 3, 2014 alleging breach of contract, tortious bad faith breach of contract, and a violation of Nev.

**James C. Mahan**
**U.S. District Judge**

1  Rev. Stat. 686A.310, Unfair Claims and Practices Act.  (*See* doc. # 1-1).  Defendant removed the
2  action to federal court on August 8, 2014 under 28 U.S.C. § 1441(b).  (*See* doc. # 1).

3  On October 15, 2014, the parties filed stipulations and orders for private binding
4  arbitration, to stay court proceedings (doc. # 17), and to dismiss with prejudice plaintiff's second
5  and third causes of action and plaintiff's claims for punitive and exemplary damages (doc. # 18).
6  The parties agreed that plaintiff's only remaining claim, breach of contract, would be resolved
7  through binding arbitration.  (*See id.*).  The parties also agreed that the matter would be stayed
8  pending the completion of the arbitration and expressly waived any right to trial by a judge or
9  jury and any right to appeal the arbitrator's award or any other order made by the arbitrator.  (*See*
10 *id.*).  Further, upon the binding decision of the arbitrator regarding plaintiff's breach of contract
11 claim, the parties stipulate to dismissal of this action, with prejudice.  (*See id.*).

12 The court granted these stipulations on October 16, 2014.  (Docs. ## 21, 22).

13 Accordingly,

14 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to
15 remand be, and the same hereby is, DENIED as moot.

16 IT IS FURTHER ORDERED that the parties in this matter are to appear before the court
17 for a status check hearing on **Monday, April 6, 2015 at 10:30 a.m.**

18 DATED December 17, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -